IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WINIFRED SMALLER,<br><br>                    Plaintiff,<br><br>         v.<br><br>JRK RESIDENTIAL MANAGEMENT CORP.,<br>JRK RESIDENTIAL GROUP, INC., and JRK<br>RESIDENTIAL AMERICA, LLC CENTERS OF<br>AMERICA,<br><br>                    Defendants. | CIVIL ACTION<br><br>NO. 16-2066 |

## MEMORANDUM OPINION

**Schmehl, J.  /s/ JLS**                                                           **February 14, 2017**

Before the Court is the motion of defendants, JRK Residential Group, Inc., and JRK Residential America, LLC to compel arbitration and stay proceedings. Plaintiff, Winifred Smaller ("Smaller") has opposed the motion and Defendants have filed a reply. Having read the parties' briefs and reviewing all exhibits, and after oral argument on the motion, I will grant Defendants' motion to compel arbitration and stay proceedings.

### I.     BACKGROUND

Plaintiff, a former employee of JRK Residential America, LLC, filed this employment discrimination claim against Defendants, seeking to recover for her alleged wrongful termination. In connection with her employment with JRK Residential America, LLC, Smaller signed a Mediation and Arbitration Agreement (the "Agreement") which Defendants claim requires her to arbitrate all claims against any JRK subsidiary or affiliated entity arising out of her employment.

## II.    STATEMENT OF FACTS

Plaintiff went to work for Defendant JRK Residential America, LLC, on August 4, 2011, and began to work as a property manager at one of Defendants' properties in Lancaster. (Compl. at ¶ 12.) Thereafter, on May 2, 2013, during the course of her employment with Defendant, Smaller signed a mediation and arbitration agreement. (Docket No. 4, Ex. 1-A.) The Agreement contains an arbitration clause that states that any covered claim "arising out of or relating to [Smaller's] employment relationship with JRK or the termination of that relationship" shall be "submit[ted] . . . for final and binding resolution by a private and impartial arbitrator." (Docket No. 4, Ex. 1-A.) The Agreement identifies the following claims as subject to arbitration:

a. *Claims Covered*: This Agreement to submit to mediation and (if necessary) binding arbitration covers:

ii. Any claim that could be asserted in court or before an administrative agency for which the employee has an alleged cause of action, including without limitation, the following claims: (a) breach of any contract or covenant (express or implied), (b) tort, (c) discrimination including, but not limited to, discrimination based on sex, pregnancy, race, national or ethnic origin, age, religion, creed, marital status, sexual orientation, mental or physical disability or medical condition or other characteristics protected by statute, (d) wrongful discharge, (e) violations of the Family and Medical Leave Act (FMLA), (f) violations of confidentiality or breaches of trade secrets, and/or (g) violation of any federal, state or other governmental law, statute, regulation or ordinance and whether based on statute or common law…

iii. Claims made against JRK, any of its subsidiary or affiliated entities or its individual employees, officers or directors in an official or personal capacity"

See <u>id.</u> at pg. 2, ¶ 1(a).

Smaller was terminated by Defendants on July 1, 2014. She then filed an EEOC charge, and was issued a Notice of Right to Sue on February 1, 2016. Plaintiff filed the

instant Complaint on April 29, 2016, alleging discrimination, harassment and retaliation based on her race. (Compl. at ¶¶ 5, 20-56.)

## III.  STANDARD OF REVIEW

The Federal Arbitration Act ("FAA"), which applies to any dispute in state or federal court concerning contracts affecting interstate commerce, strongly favors resolving disputes through arbitration. Hopkins v. New Day Fin., 643 F.Supp.2d 704, 713 (E.D. Pa. 2009). The FAA states that "A written provision in. . . a contract evidencing a transaction involving commerce to settle by arbitration . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C. § 2. It is undisputed that there is a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24-26 (1991). The FAA "establishes a strong policy in favor of compelling arbitration over litigation," Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 104 (3d Cir. 2000), and arbitration agreements falling within the scope of the FAA "must be rigorously enforce[d]." Perry v. Thomas, 482 U.S. 483, 490 (1987). Further, the Supreme Court has held that employment agreements are subject to the FAA. Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 122-23 (2001).

## IV.  DISCUSSION

Plaintiff in this matter does not argue that the FAA does not apply to the instant dispute. Rather, she argues that the Agreement that she entered into with Defendants is unconscionable and therefore unenforceable.

"Under Pennsylvania law, the test for unconscionability is whether one of the parties lacked a meaningful choice about whether to accept the provision in question and

3

the challenged provision or contract unreasonably favors the other party to the contract." Grant v. The Philadelphia Eagles, LLC, 2009 WL 1845231, at *6 (E.D.Pa. June 24, 2009). Unconscionability has both procedural and substantive elements. Harris v. Green Tree Fin. Corp., 183 F.3d 173, 181 (3d Cir.1999). Under Pennsylvania law, there must be both procedural and substantive unconscionability in order to void an arbitration provision. See id. at 181. Plaintiffs have the burden of proof to present facts which give rise to unconscionability. Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir.1989).

### A. Substantive Unconscionability

Substantive unconscionability "refers to contractual terms that are unreasonably or grossly favorable to one side and to which the disfavored party does not assent." Harris v. Green Tree Fin. Corp., 183 F.3d 173, 181 (3d Cir.1999). An arbitration agreement cannot be construed as substantively unconscionable where it "does not alter or limit the rights and remedies available to [a] party in the arbitral forum...." Edwards v. HOVENSA, LLC, 497 F.3d 355, 364 (3d Cir.2007) (construing Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991)). However, provisions requiring parties to be responsible for their own expenses, including attorneys' fees, are generally unconscionable because restrictions on attorneys' fees conflict with federal statutes providing fee-shifting as a remedy. Quilloin v. Tenet HealthSystem Philadelphia, Inc., 673 F.3d 221, 230-31 (3d Cir. 2012).

In the instant matter, the arbitration agreement states:

All other costs and expenses associated with the mediation and/or arbitration, including, without limitation, each party's respective attorneys' fees, shall be borne by the party incurring the expense.

4

(Docket No. 4, Ex. 1-A.) Plaintiff rests her substantive unconscionability argument on this provision of the Agreement, arguing that since she would be entitled to attorneys' fees under Title VII and the Agreement prevents her from recovering said fees, the Agreement is substantively unconscionable under Quilloin.

However, the Agreement also states:

> If any provisions of the AAA's rules or of this Agreement are determined by the Arbitrator or by any court of competent jurisdiction to be unlawful, invalid or unenforceable, such provisions shall be severed or modified so that the AAA rules or this Agreement may be enforced to the greatest extent permissible under the law.

(Docket No. 4, Ex. 1-A.) Where the "essence of the contract . . . is an agreement to settle . . . employment disputes through binding arbitration . . . provisions regarding payment of arbitration costs and attorneys' fees represent only a part of the agreement and can be severed without disturbing the primary intent of the parties to arbitrate their disputes." Spinetti v. Service Corp. Intern., 324 F.3d 212, 214 (3d Cir. 2003). Therefore, the provision of the Agreement requiring Plaintiff to pay her own costs and legal fees can be stricken without invalidating the entire Agreement.

Further, Defendants have stated in their reply brief that "JRK stipulates that the provisions of the Agreement requiring each party to be responsible for all of their own costs, expenses and attorneys' fees are severed and may be modified to provide that JRK will pay all costs of arbitration, except the claimant's initial appearance fee, and Smaller retains all of her existing rights under Federal and State law to seek the recovery of attorneys' fees." (Docket No. 7, p. 5.) Accordingly, the only argument that Plaintiff put forward in support of her claim of substantive unconscionability must fail, as based upon Defendants' stipulation, she has identical rights and remedies in arbitration that she

would have in Court. Therefore, I find the Agreement is not substantively unconscionable.

### B. Procedural Unconscionability

Since I have found no substantive unconscionability, the Agreement must be permitted to stand, as a finding of unconscionability requires both substantive AND procedural unconscionability. However, a review of the Agreement shows that is also lacks procedural unconscionability.

Plaintiff argues that the Agreement is procedurally unconscionable as she was already employed by JRK when she was asked to sign the Agreement and that she was forced to sign it if she wanted to continue working for JRK, thereby causing the Agreement to lack consideration. Plaintiff further argues that she had a two year period of unemployment prior to working for JRK, which resulted in a "desperate employment situation," giving her no choice but to sign, thus making the Agreement a contract of adhesion and therefore, procedurally unconscionable..

I find this argument to be unpersuasive. Courts in this district have repeatedly held that continued employment provides sufficient consideration for arbitration agreements under Pennsylvania law. See Grant v. Philadelphia Eagles LLC, 2009 WL 1845231, at *5 (E.D. Pa. June 24, 2009); Hamilton v. Travelers Prop. & Cas. Corp., 2001 WL 503387, at *2 (E.D.Pa. May 11, 2001) (finding continued employment of two years following receipt of the employee handbook which included an arbitration agreement sufficient to constitute acceptance and consideration); see also Gutman v. Baldwin Corp., 2002 WL 32107938, at *4 (E.D.Pa. Nov.22, 2002); Wilson v. Darden Rests. Inc., 2000 WL 150872, at *3-4 (E.D. Pa. Feb. 11, 2000); Wetzel v. Baldwin Hardware Corp., 1999

WL 54563, at *3 (E.D. Pa., Jan. 29, 1999). Accordingly, I find that no procedural unconscionability exists.

### C.  Defendants Are Parties to the Agreement

Plaintiff argues that the Arbitration Agreement only names JRK Property Holdings, Inc., as a party to the contract, and not defendants JRK Residential Group, Inc. or JRK Residential America, LLC, and defendants therefore have no standing to enforce the Agreement. I find this argument to be unavailing. The first line of the Agreement defines "JRK" as "JRK Property Holdings, Inc., and its affiliates." (Docket No. 4, Ex. 1-A.) Defendants have submitted the affidavit of Michael Moerschbacher, Senior Vice President of Human Resources at JRK Property Holdings, Inc., which states that JRK Residential Group, Inc., and JRK Residential America, LLC are both affiliates of JRK Property Holdings, Inc. (Docket No. 4, Ex. 1.) The Agreement goes on to state that it covers all claims arising out of employment with JRK and against any subsidiary or affiliated entities. (Docket No. 4, Ex. 1-A.) Therefore, Defendants are clearly parties to the Agreement and are entitled to enforce it.

### V.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration and Stay Proceedings is granted. This matter shall proceed to arbitration as contained in the arbitration agreement, and this matter shall be stayed pending the completion of the arbitration.